These facts being made to appear, The Court said they would not allow any collusive settlement between the original parties, to affect General Forman’s bond fide assignment, and ordered the jury to be sworn. And McKean, Chief Justice, observed, that where an action was brought under *145 such circumstances, it ought to be mentioned upon the docket, for whose use; a practice which had always prevailed, when he was at the bar. (a)

 The beneficial interest vested in the assignee of a chose in action, is now fullyrecognised and protected by the courts of law, as well as chancery; and on the other hand, the assignee is made liable to set-off, and to the costs of the action, in the same n'-v’-.v as if it had been instituted in his name. In Canby v. Ridgway, 1 Binn. 496, tne court permitted the defendant to suggest on the record, that the suit was for the use of a third person, and ruled him to pay the costs, the nominal plaintiff being insolvent. In a note to Corser v. Craig, 1 W. C. C. 428, it is said by Judge Washington, “ Whether it is necessary that the interest of the cestui que trust should be mentioned in the writ and declaration, need not be determined, because, if such be the rule, it is sufficient-, if it appears in any part of the pleadings.” In Reigart v. Ellmaker, 6 S. & R. 45, it was held, that it was not necessary that the equitable interest should appear on the record. It seems a necessary consequence of this doctrine, that the assignor should be regarded in the light of a third person. Accordingly, it has been held, that where the nominal plaintiff takes no part in the suit, and the transfer has beep ionápde, and before suit brought, he is not liable for the costs. Wistar v. Walker, 2 Bro. 171. And even where the assignment has been after suit, the nominal plaintiff has been frequently admitted as a witness, on payment of the costs. See Steele v. Phœnix Co. 3 Binn. 306; Browne v. Weir, 5 S. & R. 401; North Turner, 9 Id. 244.